# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3736 | **DATE** | 8/27/2001 |
| **CASE TITLE** | US vs. Elio Nava (99 CR 694-1) | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 2255 is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | 4 |
| | Notices mailed by judge's staff. | | AUG 2 8 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | 01 AUG 27 PM 3: 41 | AUG 2 8 2001 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 28 2001

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 3736 |
| | ) | |
| ELIO NAVA, | ) | 99 CR 694-1 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Defendant Elio Nava's motion for a reduction of his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

## BACKGROUND

Defendant Elio Nava ("Nava") is a citizen of Mexico who has been in the United States since 1992. On April 19, 2000, Nava pled guilty to a one-count indictment for possession with intent to distribute cocaine. He was thereafter sentenced to 37 months in prison with five years' supervised release and a fine of $500. Under 8 U.S.C. § 1227(a)(2)(B)(i), Nava became immediately deportable.



The presentencing report had acknowledged this possibility, but Nava's attorney did not specifically advance it as a mitigating factor during sentencing.

In his plea agreement, Nava waived his right to direct appeal and thus collaterally challenges his sentence under 28 U.S.C. § 2255. Specifically, he claims that he is entitled to a 2-point reduction of his sentence because his status as a deportable alien subjects him to harsher treatment while he is in prison.

## DISCUSSION

Nava bases his challenge on the ground that he received ineffective assistance of counsel at his sentencing hearing. He claims that his attorney should have argued Nava's deportability as a mitigating factor during sentencing. Because counsel did not argue this factor, Nava claims, this court was not able to take into account the possibility of deportation and its implicatons when imposing his current sentence. Nava makes this argument despite the fact that the presentence report addressed his deportability.

According to Strickland v. Washington, 466 U.S. 668, 686 (1984), a defendant claiming ineffective assistance of counsel must satisfy a two-prong test. First, the defendant must show that counsel's representation was so deficient that the Sixth Amendment guarantee of counsel is undermined. Id. Once the first prong is satisfied,

the defendant must go on to show that the deficient performance prejudiced the defense. Id.

In this case, however, we need not address the merits of Nava's argument regarding his attorney's actions at the sentencing hearing. Under the terms of his plea agreement[1], Nava has waived his right to assert ineffective assistance of counsel in conjunction with his sentencing. Nava's motion questions his attorney's performance only at the sentencing hearing. He does not allege ineffective assistance of counsel in relation to the plea agreement or its negotiation. As such, Nava is precluded from bringing this motion by his own waiver.

In addition, to obtain relief under § 2255, a prisoner faces an even higher hurdle than the clear error standard required at the appellate stage. U.S. v. Frady, 456 U.S. 152, 166 (1982). A defendant must show both good cause for not raising the issue on direct appeal and resulting prejudice. Id. In this case, Nava did not appeal the issue of ineffective assistance of counsel because he had waived his right to appeal in the plea agreement. Although this waiver was the cause of Nava's failure to directly appeal his sentence, it is hardly the good cause required by Frady. In addition, Nava

---

[1] The plea agreement states, in pertinent part, "The defendant also waives his right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 18, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation." Def.'s Plea Agreement, para. 11.

cannot legitimately claim that he has been prejudiced by his own voluntary waiver. Thus, even if Nava had not waived his right to challenge the effectiveness of his counsel at the sentencing hearing, he still could not seek relief under § 2255.

Finally, the basis of Nava's legal argument regarding the sentence imposed suffers from a fatal flaw. He cites several cases from other circuits to support his contentions regarding deportability as a mitigating factor in sentencing. His argument is correct in two respects, both in the circuits he mentions and in our own Seventh Circuit, the only circuit whose law we must follow. First, trial courts may take into account mitigating factors that were not specifically addressed by the Sentencing Commission when they formulated the Sentencing Guidelines. 18 U.S.C. § 3553(b); Koon v. United States, 518 U.S. 81, 92–97 (1996). Second, deportability can be considered as a mitigating factor. United States v. Farouil, 124 F.3d 838, 845–847 (7th Cir. 1997).

Nava goes one step too far in concluding that because courts may consider deportability, they must do so. That is simply not the case; trial courts may use their discretion in deciding whether a mitigating factor applies in a given situation. Id. at 847. The deportability question was apparent based on its inclusion in the presentence report and was, therefore, considered. There is no authority for the proposition that a

2-point reduction is an entitlement in these circumstances. As a result, even if we were to consider the merits of the petition, no prejudice to the petitioner could be shown.

## CONCLUSION

For the foregoing reasons, Defendant's motion to reduce his sentence pursuant to 28 U.S.C. § 2255 is denied.

Charles P. Kocoras
United States District Judg

Dated: __August 27, 2001__